Argued March 23, affirmed April 20, 1977

In the Matter of Shelton, Jerome James, a Minor
Child.
STATE ex rel MULTNOMAH COUNTY
JUVENILE DEPARTMENT, *Respondent,*
*v.*
SHELTON, *Appellant.*
(No. 44,945, CA 7268)
562 P2d 1225

Richard D. Senders, Portland, argued the cause and
filed the brief for appellant.

[ 211 ]

Karen H. Green, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Mary J. Vershum, Portland, argued the cause and filed the brief for the minor child.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

The mother appeals from an order of the circuit court terminating her parental rights in her six-year-old son. ORS 419.523(3).

In 1970, three months after her son was born, the mother left him with her aunt. Since that time, the mother has sporadically visited her son, but had not seen or communicated with him during the one-year period immediately preceding the hearing below.

■ The mother assigns as error the denial of her motion that a psychiatrist be appointed to examine her and her son together "to determine [the mother's] abilities as a parent."[1] The proceedings to terminate the mother's parental rights were brought under ORS 419.523(3), which provides:

> "The rights of the parent or parents may be terminated * * * if the court finds that the parent or parents have failed or neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for one year prior to the filing of a petition * * *."

The state's pleadings framed the issue accordingly:

> "The biological mother of the above-named child has failed and neglected without reasonable and lawful cause to provide for the basic physical and psychological needs of the child for one year prior to the filing of this petition, to wit:
>
> "1. The biological mother of the above-named child has failed to contact or communicate with the child or with the custodian of the child, in any manner other than incidental contacts, since 1971."

The sole issue in the case, then, was whether the mother failed or neglected to provide for the basic needs of her son for the one-year period preceding the filing of the petition. An analysis of her prospective abilities as a parent—the purpose of the proposed

---

[1] The mother was given the opportunity to be examined by a psychiatrist; however, she failed to keep the scheduled appointment.

psychiatric examination—had no relevance to the issue of neglect. Thus the trial judge properly denied the motion for the appointment of a psychiatrist.

The mother asserts that the purpose of the motion for a psychiatric examination was to gather evidence to challenge the findings of a psychiatrist who had examined the child and had recommended termination. However, the only purpose for the examination set forth in the motion was to evaluate the mother's abilities as a parent. Even if the mother were not confined to the issues as she framed them in the motion, we would conclude that the trial judge was correct in denying the motion. The mother does not dispute that she did not communicate with her son during the one-year period preceding the filing of the petition. Neither does she dispute that during that period her son had physical and psychological needs which were not being satisfied by her. Under these circumstances, we cannot see how an additional examination of even the child alone would be required— much less an examination of the child and mother together.[2]

■ The mother next asserts that there is insufficient evidence to support the termination order in that she has shown "reasonable and lawful cause" for her failure to provide for the needs of her son. ORS 419.523(3). She contends that she made no attempt to communicate with her son because she lived approximately 200 miles away, had only welfare payments as a means of support, and was afraid of her aunt. However, even if all these reasons actually did exist, they would not have prevented the mother from making some attempt—whether through her welfare worker, Children's Services Division, or even just by letter—to communicate with her son or to inquire if

---

[2]We express no opinion as to whether a psychiatric examination of a parent in an ORS 419.523(3)-proceeding might be appropriate to determine whether "reasonable and lawful" cause for neglect exist.

his needs were being met.[3] The failure of the mother to do so, and her uninterrupted neglect of the needs of her son fully support the order of termination.

Affirmed.

[3]The trial judge, who observed the mother's aunt, remarked that she appeared to be "very non-terrifying."